Haywood, J.
delivered the opinion of the court.
This is for a non-return of process, and not for an insufficient return. The court has revised the former decisions, upon the acts of Assembly, concerning the non-return of process and the non-payment of money collected on executions, (4 Hay. 192; 5 Hay. 39: Peck’s R. 196,) and is satisfied of their correctness. Upon the non-return of the process, we can give judgment upon motion, without notice, if such motion be made at the first term to which the execution is made returnable, for ihen the sheriff is required to be present himself, in person, or by his agent. But if the motion be not made during the first term, notice must be given at what term afterwards it will be made, that the defendant may be *417 there to oppose it, if he think proper. And when judgment is given, it must be upon proof that the execution came in due time into the hands of the sheriff, and such judgment must be for the amount of the money and costs mentioned in such execution. If a return be made, which is not sufficient in law, the sheriff cannot be proceeded against under these acts of Assembly, the case not being within them, but according to the course of the common law, and this we shall find laid down in 2 Term R. 148, 156: Doug. 464. If there be any fraudulent conduct in the sheriff, tending to defraud one creditor for the benefit of another, an attachment shall issue, and the sheriff be put to answer interrogatories, and be committed to prison till he pay the other’s debt. If an insufficient return be made, with a view to injure the plaintiff, he may be thus dealt with. And if it be discovered, says the judge, (2 Term R. 157,) whenever the court finds the sheriff taking part with the defendant, they fine him with the whole of the debt and costs upon attachment. If the plaintiff does not choose to proceed by attachment, he may proceed by action; or the sheriff may be ordered, by rule of court, to make abetter return, and to sjate, in distinct terms and without any evasion, why he has not made the money; and if he will not obey the rule, he may be committed to prison for his contempt. But the court cannot apply so penal an act as that-of 1803, ch. 18, to a case not within it, except brought within it by construction, and by considering an insufficient return as no return. But there is a great difference; for upon the former a new fi. fa. may issue, but not in the latter case, until it be seen what the sheriff has done with the former. This case being a non-return of process, is within the act of 1803; but, being amotion made for this cause, at the second term, unless it should appear that the sheriff had notice, we must deny the motion.
Motion denied.